MÉNDEZ, PLAINTIFF AND APPELLANT, *v.* CELIS ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Humacao in an action to annul a will.

No. 1084.—Decided June 3, 1914.

DISINHERITANCE—CONSTRUCTION—WILL.—The general rule that wills should be construed so that the intention of the testator may prevail is not applicable to clauses of disinheritance, but in such cases the provisions of law allowing disinheritance must be strictly observed.

ID.—WILL—REFERENCE TO ACTION FOR DIVORCE.—Pursuant to the provisions of section 826 of the Civil Code, the disinheritance of .an heir, without stating the legal reasons of the testator therefor, is void, and reference in the will to the grounds set up in an action for divorce filed in a court is insufficient and without effect.

ID.—ACTION TO ANNUL WILL—MOTION TO STRIKE OUT.—When in an action to annul a will based on the fact that the disinheritance by the testator is void because of failure to state the reasons therefor in the will, the defendant in his answer alleges as new matter of defense the grounds for divorce set up in a complaint filed in a court but not stated by the testator in the said will, in which only reference was made to the said complaint, a motion to strike out the said reasons alleged in the answer should be sustained on the ground of irrelevance.

The facts are stated in the opinion.
*Mr. Eduardo Acuña* for the appellant.
*Messrs. Álvarez Nava & Domínguez* for the respondents.
MR. JUSTICE WOLF delivered the opinion of the court.

Ramón Méndez Cardona filed this suit in the District Court of Humacao against the heirs of his wife, Carlota de Celis

Alquier.  In the first three paragraphs of his complaint he alleges the capacity of the parties and the fact of his marriage.  In the fourth paragraph of said complaint he alleges that the said Carlota de Celis Alquier left no descendants or ascendants and that his marriage with her had never been annulled.

The fifth paragraph sets up that on the day before the death of his wife, or on August 7, 1910, the said Carlota de Celis Alquier made an open testament before Notary Carlos Rola, of Fajardo, in the second clause of which she narrated her marriage with the complainant, and stated further that she had filed a divorce suit against him in the District Court of Humacao, and in the sixth clause of said testament she named her sole and universal heirs.

The sixth paragraph of the complaint sets out that by the seventh clause of the said testament the aforesaid testatrix disinherited and deprived her husband, the complainant, of his right of usufruct in the half of her property without concretely and specifically expressing in said seventh clause or in any other part of the testament the cause or reason for such disinherison.

In the seventh paragraph of the present complaint it is alleged that the testament of August 7, 1910, was the last one made by the testatrix, and the complainant prayed that after trial the court should annul the sixth and seventh clauses of the said testament.

The defendants answered and specifically denied the fourth and sixth paragraphs of the complaint, and, as new matter and special defense, they gave their own version of the seventh clause of the said testament.  Then the defendants went on to say that on June 15, 1910, or before the making of the testament under discussion, Carlota de Celis Alquier, who was living at that time under a different roof from her husband, he being in the city of Barcelona, Spain, brought in the District Court of Humacao an action for divorce against Méndez Cardona in which she alleged as grounds for said divorce

that the conduct of her husband was offensive to the dignity and feelings of the complainant in said divorce suit; that it was such as to show in the presence of strangers an irascible and violent attitude towards the complainant; that he abused her to such an extent as to cause her a nervous ailment; that her said husband had said to her in the presence of third persons and in a very choleric manner that very much to his regret he had been compelled to hurry to her in order to prevent her, who was a crazy woman, from interfering with his interests; that all this happened in Porto Rico where he also conducted himself in a tyrannical and insulting manner towards her. And the defendants concluded the paragraph relating to the alleged divorce suit by alluding to the other facts stated in the complaint filed by the said testatrix against her husband in the action for divorce.

Further along in their answer in the present suit, in addition to setting forth the facts of the said divorce complaint, the defendants went on to recite a number of other happenings which they thought would tend to prove the facts alleged in the said divorce complaint, specifying various matters to show the conduct of the said Ramón Méndez Cardona, such as that on one occasion he assaulted and beat his wife and addressed her in insulting tones, together with other acts and conduct which the defendants allege brought on the nervous ailment that resulted in her death.

The complainant moved to strike out all of the answer which referred to the contents of the divorce complaint and also all the matter which the defendants alleged to prove the facts of such divorce suit, on the ground that all such matter was impertinent and did not set up a defense. The court overruled this motion and the plaintiff excepted. The overruling of this motion to strike out is the first ground of error, but in said motion to strike out was involved the essential difference between the theory of the complainant and that of the defendants in this case; hence we shall postpone the

discussion of the same until after a consideration of the main question involved.

The motion being overruled, the case went to trial and the complainant continually objected to any evidence which tended to prove the particular insulting or cruel acts alleged in the divorce suit. The objections were overruled and the complainant excepted. Judgment was finally rendered for the defendants.

The essential question involved in this case is whether the will of the testatrix is sufficient to disinherit her said husband, the question depending upon the construction of the sixth and seventh clauses of her testament which read as follows:

"*Sixth.* She institutes and names as the sole and universal heirs to the residue of all her property, rights, interests and future inheritances, her sister Elena, widow of Pedro Mota, her brother Luis, married to Providencia Pérez, her sister María del Rosario, married to Hilario López, and her deceased brother Francisco de Celis Alquier who was married to Matilde Cabanillas and who will be substituted in this inheritance by his legitimate sons José and Carlos Crispín de Celis Cabanillas with all the rights of representation granted them by the Civil Code in force.

"*Seventh.* That as already said, she has filed an action for divorce in the District Court of Humacao against her said husband Ramón Méndez Cardona, and believing that the grounds on which the said action is based are just, she deprives him or disinherits him of the right which the Civil Code grants him with respect to the usufruct in the moiety of her property."

Section 826 of the Civil Code reads as follows:

"Disinheritance can only be made in a will mentioning the legal reason on which it is based."

Were these expressions in the will a sufficient compliance with the statute?

The act sought to be achieved by the testatrix was the disinherison of a forced heir, whose rights were definitely fixed by the Civil Code along with the rights of ascendants

and descendants. This is not the act of a testator dispos-
ing of his free property but is an attempt on the part of a
testatrix to deprive her husband of the usufruct fixed by law.
The ordinary rules that apply to the execution of wills, namely,
that the intention of the testator must prevail, have no real
application to the disinherison of a person. The statutes
allowing such disinheritance must be strictly followed as in
the case of the alienation of property or in the granting of
powers of attorney, all of which have recently been up for
consideration by this court. In considering a power of attor-
ney we have held that where the Legislature had used the
words "an express power to mortgage, alienate, etc.," the
words themselves must appear in the instrument. See, among
others, the case of *Successors of Andreu & Co., S. en C.,* v.
*The Registrar,* decided May 7, 1914.

In the act of making her will the testatrix did not have
the divorce complaint before her. The complaint was drawn
up without the formalities that are required for the execution
of any kind of a will, open, closed or holographic. The causes
for which she sought to disinherit her husband were expressed
by reference to another paper, namely, a complaint for a di-
vorce, and such causes were not expressed before the notary
or witnesses nor yet were these causes expressed in the hand-
writing of the testatrix conscious that she was making her
last will and testament as the law for making a will exacts.
We think that the law when it requires the causes to be ex-
pressed in the will means what it says, and that such causes
cannot be expressed by reference to any other instrument
or document no matter whether such instrument is presented
in a court or is contained in a strong box of the testator.

We think the whole spirit of the Civil Code is against the
contention of the respondents and more particularly sections
678 and 680 of the said code, which are as follows:

"Section 678.—A will is absolutely a personal act. The making
of it, either wholly or partially, cannot be left to the discretion of a
third person, nor can it be made through a trustee or agent.

"Neither can there be left to the discretion of a third person the continuance of the appointment of heirs or legatees, nor the designation of the portions to which they are to succeed when they are nominally instituted."

"Section 680.—Any provision relating to the institution of heirs, bequests, or legacies, made by the testator referring to private memoranda or papers which after his death may appear in his domicile or outside thereof, shall be void if such memoranda or papers do not fulfill the requisites prescribed for holographic wills."

The drawing up of a complaint and the possession and filing of it are usually left to the discretion of an attorney and an attempt to disinherit by a reference to an instrument thus entrusted to another person complies neither with the letter nor with the spirit of the two sections cited. On this point commentator Scaevola expresses himself as follows:

"3. *That the legal reason shall be stated in the will.* This condition further increases the rigor of the law as regards the manner of disinheriting, the intention being rather to avoid doubts and litigious questions than to impose a new condition. It is not sufficient that at a certain time the heir may have committed some unworthy act which would justify his disinheritance and that the said act be referred to in the disinheriting clause of the will, but the reason should be stated at the time he is disinherited so that there may be no manner of doubt concerning the intention of the testator based on that reason and not on others."

\*        \*        \*        \*        \*        \*        \*

"On the other hand, it is unquestionable that if the testator should refer to statements made in other documents or in another manner as the reason for the disinheritance, such, for example, as 'I disinherit my son for the reasons which I have entered in my memorandum book,' the disinheritance would have no effect, not only for failure to comply with art. 849, but because, as we know, art. 672 provides that all dispositions which the testator may make concerning institution of heirs, bequests or legacies by referring to documents or private papers which lack the requisites prescribed for a holographic will, are null and void." 14 Scaevola, 868, 870.

We do not think that the causes of disinheritance were

sufficiently expressed in the will of Carlota de Celis Alquier dated August 7, 1910.

We also think that the complainant was right in moving to strike the new matter or a large part thereof from the answer. The essential nature of the present suit was one for the annulment of a will for lack of due form in the clauses of the same that attempted to disinherit. The complaint had not, in fact, denied the truth of the alleged causes and hence no one was called upon to prove the same. It might very well have been that, if his contention as to the insufficiency of the will had not prevailed, the complainant would not have further fought against the disinherison. He was asserting that the will, so far as it attempted to disinherit him, was void, and that was the sole object of his complaint. The defendants, under the impression that they must prove in this present suit the grounds for a divorce to which the testatrix referred, inserted in their answer a number of averments wherein the conduct of the complainant was attacked. He was not, however, in this present suit denying the truth of the divorce complaint. The husband might have committed all the faults and the offenses which the defendants thought he had committed, but on the question of his alleged guilt he was entitled to his day in court and in the form which the law permits. He may not arbitrarily be made to defend his name or his reputation in a suit which had for its sole object the annulment of the will. The motion to strike was properly made and should have been sustained.

By reference, however, to this matter which should have been stricken out we get an idea of the whole complaint filed by the said Carlota de Celis Alquier against her husband, and we seriously question the sufficiency of the cause of divorce therein alleged. In other words, we doubt whether the complaint filed by the said testatrix was sufficient in law. This brings us to another aspect of the principal question and that is that it could never be the intention of a legislator that the determination of the causes of disinherison should be

dependent upon a reference to a more or less artificial document filed in a court wherein its sufficiency or insufficiency in law would first have to be determined.

The judgment must be reversed and a judgment rendered for the complainant annulling the sixth and seventh clauses of the testament of August 7, 1910.

*Judgment reversed and parts of will annulled.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.